1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARION C. WOLFE, JR.,

          Petitioner,                 No. CIV S-02-1958 FCD PAN P

    vs.

EDWARD ALAMERIDA, et al.,

          Respondents.         <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  By order filed September 25, 2003, the court determined that claims 11 and 16 in petitioner's original petition were unexhausted and that claims 14, 17, and 19 were not cognizable in this federal habeas corpus action.  The court therefore recommended dismissal of the latter claims and dismissed the petition with leave to file an amended petition raising only exhausted claims together with a motion to stay the action.  On October 9, 2003, petitioner filed an amended petition which included a motion to stay this action pending exhaustion of state remedies as to two additional claims.  By order filed October 24, 2003, the district court adopted the recommendation that claims 14, 17, and 19 be dismissed.  By order filed March 17, 2004, this action was stayed pending exhaustion of state remedies as to previously unexhausted claims.  In that order, petitioner was directed to notify the court upon

1

completion of the state exhaustion proceedings and, if said proceedings had not concluded within six months, to file a status report.

On September 8, 2004, petitioner filed a status report in which he indicated that claims were still pending in the California Supreme Court.  On January 28, 2005, petitioner filed a memorandum of points and authorities in support of his amended petition and a motion for bail pending appellate review.  The latter document contained no indication that state exhaustion proceedings had concluded and no request to lift the stay of this action.  The latter document also contains briefing in support of claims 14, 17, and 19[1]

On April 4, 2005, petitioner filed a document styled as a motion for enlargement of time.  The substance of the motion, however, appears to be a further request to be admitted to bail pending appeal.

On April 29, 2005, petitioner filed a motion to supplement his amended petition and to lift the stay of this action.  Appended to the motion is an order filed in the California Supreme Court on April 13, 2005, denying a petition for writ of habeas corpus filed by petitioner therein.  It appears that the state court proceedings for which this action was stayed have been completed.  Accordingly, petitioner's motion to lift the stay will be granted.

Petitioner seeks to supplement his amended petition with six claims, identified in the motion to supplement as Grounds 11 22, 24, 25, 26, and 27.  The Local Rules of this Court require a pleading to be complete in itself without reference to prior pleadings.  See Local Rule 15-220.  Given the number of claims raised in this action, the court intends to require petitioner to file one second amended petition that contains all of the cognizable exhausted claims that he seeks to present in this action.  Prior to requiring petitioner to file said second amended petition, however, the court will direct respondents to respond to petitioner's motion to add to this action the six claims described in petitioner's April 29, 2005 motion.  Following resolution of said

---

[1]  Said briefing is identified as ArgumentsN, Q, and S, respectively.

motion, petitioner will be directed to file a second amended petition raising all, and only all, of the claims on which this action will be proceeding.[2]

Finally, petitioner's further requests for bail pending habeas review in this court will be denied.[3]  It is firmly established that it is within the inherent power of a district court to enlarge a state prisoner on bond pending hearing and decision on his application for a writ of habeas corpus.  See e.g., In re Wainwright, 518 F.2d 173, 174 (5th Cir. 1975); United States ex rel. Thomas v. New Jersey, 472 F.2d 735, 743 (3d Cir.), cert. denied, 414 U.S. 878 (1973); Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam).  However, the bail standard for a person seeking collateral review is markedly different from the standard applied to a pretrial detainee.  Persons accused of crimes and awaiting trial are presumed innocent and thus enjoy an Eighth Amendment right to be free from excessive bail.  Stack v. Boyle, 342 U.S. 1, 4 (1951).  In contrast, a habeas corpus petitioner requesting postconviction relief has already been convicted and thus is no longer presumed innocent and no longer enjoys a constitutional right to freedom, however conditional.  Aronson v. May, 85 S. Ct. 3 (1964) (Douglas, J., in chambers); Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972).

In Aronson, Justice Douglas set forth the following guidelines for determining when a habeas corpus petitioner could be released on bail:

> In this kind of case it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice.  See Benson v. California, 328 F.2d 159 (9th Cir. 1964).

Aronson, 85 S. Ct. at 5 (emphasis added).  Thus, Aronson requires a petitioner to demonstrate /////

---

[2]  Petitioner should not file any further amended pleading until directed to do so by the court.  Failure to comply with this order may result in imposition of sanctions.

[3]  On October 28, 2005, petitioner filed a motion for leave to file two exhibits in support of his motions for bail. That motion will be granted.

1  that his underlying claim raises substantial questions and that his case presents exceptional

2  circumstances.[4]

3          A number of cases interpreting the first test of the <u>Aronson</u> analysis have required

4  that petitioner's claims be more than substantial.  <u>See</u>, <u>e.g.</u>, <u>Calley v. Callaway</u>, 496 F.2d 701, 702

5  (5th Cir. 1974) (per curiam) (bail should be granted to a military prisoner pending

6  post-conviction relief only when petitioner raises substantial constitutional claims upon which he

7  has a high probability of success and when extraordinary or exceptional circumstances exist);

8  <u>Glynn v. Donnelly</u>, 470 F.2d 95, 98 (1st Cir. 1972) (court will not grant bail unless petitioner

9  presents not only a clear case on the law but a readily apparent case on the facts); <u>see</u> <u>also</u>

10 <u>Richardson v. Wilhelm</u>, 587 F. Supp. 24, 25 (D. Nev. 1984); <u>Monroe v. State Court of Fulton</u>

11 <u>County</u>, 560 F. Supp. 542, 545 (N.D. Ga. 1983).

12         Courts have also narrowly construed the second test of the <u>Aronson</u> analysis;

13 namely, that petitioner show that his case presents exceptional circumstances justifying relief.

14 <u>See</u> <u>Calley</u>, 496 F.2d at 702.  Exceptional circumstances may be found and, in the court's

15 discretion, warrant a petitioner's release on bail where:  (1) petitioner's health is seriously

16 deteriorating while he is incarcerated, <u>Woodcock v. Donnelly</u>, 470 F.2d 93 (1st Cir. 1972) (per

17 curiam); <u>Johnston v. Marsh</u>, 227 F.2d 528 (3rd Cir. 1955); (2) there is an extraordinary delay in

18 the processing of a petition, <u>Glynn</u>, 470 F.2d at 95; and (3) the petitioner's sentence would be

19 completed before meaningful collateral review could be had, <u>Boyer v. City of Orlando</u>, 402 F.2d

20 966 (5th Cir. 1968) (bail granted where court concluded petitioner should present claims to state

21 courts, despite state courts' precedents denying relief for his claim, and feared petitioner's

22

23         [4] <u>But</u> <u>see</u> <u>Land v. Deeds</u>, 878 F.2d 318 (9th Cir. 1989) (defining test as requiring *either*
   special circumstances *or* a high probability of success) (citing <u>Aronson v. May</u>, 85 S. Ct. 3, 5
24 (1964)).  Although the test in <u>Land</u> appears to be different because it requires either special
   circumstances <u>or</u> a high probability of success, whereas <u>Benson</u> appears to require both prongs,
25 <u>Land</u> was not an *en banc* decision, and cannot overrule another panel.  Possibly, <u>Land</u>'s use of
   the word "or" was inadvertent.  Therefore, <u>Benson</u> remains good law especially in light of
26 <u>Aronson</u>.

sentence would run before exhaustion could be completed); see also Goodman v. Ault, 358 F.

Supp. 743 (N.D. Ga. 1973).

This court finds that petitioner has not made the showing of exceptional

circumstances that might justify admitting him to bail pending completion of this court's review

of his habeas corpus petition.  Accordingly, his further motions for bail will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's January 28, 2005 motion for bail pending appellate review is

denied.

2.  Petitioner's April 4, 2005 motion for enlargement of time is construed as a

further motion for bail pending habeas review and, so construed, is denied.

3.  Petitioner's April 29, 2005 motion to lift the stay of this action is granted.

4.  The Clerk of the Court is directed to reopen this action.

5.  Within twenty days from the date of this order, respondents shall file and serve

a response to petitioner's April 29, 2005 motion to add six additional claims to this action.

Petitioner's reply, if any, shall be filed and served not later than ten days thereafter.

6.  Petitioner's October 28, 2005 motion to file exhibits in support of motions for

bail is granted.

DATED:  February 23, 2006.


UNITED STATES MAGISTRATE JUDGE

12
wolf1958.lftsty

5