1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARION C. WOLFE, JR.,

11                Petitioner,                No. CIV S-02-1958 FCD EFB P

12          vs.

13   EDWARD D. ALAMERIDA, et al.,

14                Respondents.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner, who was a prisoner when he commenced this action but has been released to

17   parole, proceeds without counsel seeking a writ of habeas corpus.[1]  See 28 U.S.C. § 2254.  He

18   challenges the February 14, 2001, judgment of a state superior court convicting him of

19   possession of a controlled substance.  See Cal. Health and Safety Code § 11350.  Pending before

20   the court is petitioner's April 29, 2005, motion to file a second amended petition and

21   respondents' opposition thereto.  For the reasons explained below, the court recommends that the

22

23          [1]  A jurisdictional prerequisite of 28 U.S.C. § 2254 is that the petitioner be "in custody
     pursuant to the judgment of a state court."  The conditions and restraints inherent in parole are
24   sufficient to satisfy the custody requirement.  Jones v. Cunningham, 371 U.S. 236, 242  (1963).
     Furthermore, once a federal court has jurisdiction over a state prisoner's habeas action, "it is not
25   defeated by the release of the petitioner prior to completion of the proceedings on such
     application."  Carafas v. LaVallee, 391 U.S. 234, 238 (1968).  Accordingly, petitioner's release
26   to parole does not defeat jurisdiction.

1  motion be granted in part, and denied in part.

2  **I.    Procedural History**

3          Petitioner was convicted on February 14, 2001.  The appellate court affirmed the

4  judgment on June 11, 2002, and the California Supreme Court denied his petition for review on

5  August 28, 2002.  On September 9, 2002, petitioner timely filed a petition for a writ of habeas

6  corpus alleging the following grounds for relief:  (1) he was without counsel at his June 7, 1999,

7  arraignment on charges he possessed drug paraphernalia, heroin and cocaine; (2) counsel

8  representing him at his change of plea hearing was ineffective for failing to advise petitioner of

9  the constitutional defect in his original arraignment; (3) appellate counsel was ineffective for

10  failing to appeal his unconstitutional arraignment; (4) the June 3, 1999, misdemeanor arrest was

11  not supported by probable cause; (5) the June 3, 1999, arrest was illegal because the arresting

12  officer invoked Health and Safety Code § 11364 only after realizing petitioner was not on parole

13  or probation and therefore could not be arrested for violating the conditions thereof; (6) there

14  was no probable cause for the June 3, 1999, arrest because the cocaine pipe was four feet from

15  petitioner on a coffee table outside petitioner's reach and direct vision and petitioner had a plate

16  of food in his lap; (7) the June 3, 1999, search was illegal because the officers had no contact

17  with the parole authority or any parole agent; (8) the February 3, 1999, traffic stop was

18  pretextual; (9) the February 3, 1999, arrest was made to justify the search of a box inside the car

19  after petitioner refused to consent to the search; (10) the judge hearing the motion to suppress

20  evidence was biased; (11) state court interpretation of the law about parole and probation

21  searches was "irrelevant'" (12) conflict of interest arising from appointment of three different

22  lawyers from the indigent defense panel; (13) the trial court should have considered the effects

23  of petitioner's psychotropic medications before permitting petitioner to represent himself; (14)

24  the state habeas court should have considered petitioner's motion for release; (15) appellate

25  counsel was ineffective by failing to give petitioner an opportunity to review the record on

26  appeal before filing the appellate brief because page three of a police report was missing from

the record and its omission could have adversely effected review of his claim the state's witness's testimony at the hearing on his motion to suppress was inconsistent; (16) trial counsel was ineffective by failing to discover petitioner was not convicted of the offenses used to lengthen his sentence; (17) the California Supreme Court erred in denying petitioner's petition for a writ of mandate (which the court construed as a petition for review); (18) counsel and a clinical forensic psychologist conspired to formulate a report to justify the decisions of prior counsel to not investigate an insanity defense; (19) staff at the California Department of Corrections and the Duel Vocational Institution denied petitioner access to the law library between April 23 and May 15, 2002, resulting in the denial of a habeas petition.

Respondents moved to dismiss the petition on the ground that petitioner failed to exhaust available state remedies with respect to claims 2, 3 and  11.  A different magistrate found that these claims were unexhausted and gave petitioner time to file an amended petition and a request to stay this action and hold it in abeyance pending petitioner's exhaustion of available state remedies.  *See* Order of September 26, 2003.  The magistrate judge also found that claims 14, 17 and 19 failed to state a cognizable claim, and recommended that they be dismissed with prejudice.  On October 9, 2003, petitioner filed a first amended petition for a writ of habeas corpus omitting the unexhausted and non-cognizable claims, and on October 24, 2003, the district judge affirmed the order and findings and recommendations.  As directed, petitioner filed a motion to stay the action and hold it in abeyance while he exhausted available state remedies with respect to his unexhausted claims, which the court granted.  *See* Motion of January 5, 2004; Order of March 17, 2004.

On April 29, 2005, petitioner notified the court that the state court proceedings had concluded, and filed a request for leave to "supplement" the first amended petition with six proposed claims.  Accordingly, the court lifted the stay and ordered a response to petitioner's request to file a second-amended petition.  *See* Order of February 24, 2006.  On March 9, 2006, respondents filed a document styled, "Motion to Dismiss."  The court construes petitioner's

1  April 29, 2005, motion as one to file a second-amended petition containing his previously

2  exhausted claims and his six proposed claims, and construes respondent's motion to dismiss as

3  an opposition to petitioner's motion.

4  **II.    Law Governing Amendment of Habeas Petitions**

5      An application for a writ of habeas corpus "may be amended . . . as provided in the rules

6  of procedure applicable to civil actions."  28 U.S.C. § 2242.  The amendment of a petition for a

7  writ of habeas corpus is governed by the same standards as a complaint in other civil actions.

8  Thus, the instant motion is governed by Rule 15 of the Federal Rule of Civil Procedure.  *Fayle v.*

9  *Felix*, 545 U.S. 644, 649 (2005).

10     Rule 15 provides that leave to amend "shall be freely given when justice so requires."  In

11 this circuit, this policy is "to be applied with extreme liberality."  *Owens v. Kaiser Found. Health*

12 *Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001)(quoting *Morongo Band of Mission Indians v.* Rose,

13 893 F.2d 1074, 1079 (9th Cir.1990)).  In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme

14 Court instructed that a district court should consider the following factors in deciding whether to

15 grant leave to amend:

16          In the absence of any apparent or declared reason-such as undue
            delay, bad faith or dilatory motive on the part of the movant,
17          repeated failure to cure deficiencies by amendments previously
            allowed, undue prejudice to the opposing party by virtue of
18          allowance of the amendment, futility of amendment, etc.-the leave
            sought should, as the rules require, be "freely given."
19

20 *Id.*, at 182.

21     However, the Ninth Circuit has held that "[n]ot all of the factors merit equal weight.  As

22 this circuit and others have held, it is the consideration of prejudice to the opposing party that

23 carries the greatest weight."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th

24 Cir. 2003).  The party opposing amendment "bears the burden of showing prejudice."  *DCD*

25 *Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987).  Absent prejudice, or a strong

26 showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in

1  favor of granting leave to amend.  *Eminence Capital, LLC*, at 1052.   Here, prejudice of having

2  to litigate claims that appear to be otherwise time-barred is at issue.

3         The question is whether petitioner may amend to assert claims that would be deemed

4  untimely, given the one-year statute of limitations contained in 28 U.S.C.§ 2244(d).  To bring

5  these claims now, they must relate back to the date of the original pleading which, in a habeas

6  action is the initial habeas petition.  *Fayle v. Felix*, 545 U.S. 644, 655 (2005).  This requirement

7  is satisfied if,

8         The claim or defense asserted in the amended pleading arouse out of the conduct,
          transaction or occurrence set forth or attempted to be set forth in the original
9         pleading . . . .

10  Fed. R. Civ. P. 15(c)(2).  As in ordinary civil cases, a claim satisfies this standard if the new

11  claims arise from a "common core of operative facts" as the timely filed claims.  *Felix*, 545 U.S.

12  at 664.  Otherwise stated, an amended petition "does not relate back . . . when it asserts a new

13  ground for relief supported by facts that differ in both time and type from those the original

14  pleading set forth."  *Id.*, at 650.

15  **III.    Analysis**

16         Petitioner seeks to amend with the following claims (as petitioner has enumerated them):

17  (11) the parole search leading to petitioner's arrest violated the Fourth Amendment; (22)

18  petitioner's no contest plea was involuntary; (24) the nine-year sentence for possession of a

19  controlled substance is excessive in violation of the Eighth Amendment; (25) the state superior

20  court lacked subject matter jurisdiction to accept petitioner's no contest plea because petitioner

21  was never arraigned; (27) the errors alleged in the first 26 grounds for relief cumulatively had the

22  effect of denying petitioner a fair procedure in state court.  Respondent asserts that although

23  petitioner may amend his application with one of the proposed six claims, i.e. claim 11, the

24  remaining five are untimely and unexhausted.  As respondent concedes, petitioner has shown

25  that he presented claim 11 to the state courts as ordered.  Therefore, petitioner may file an

26  amended petition containing this claim.

However, as respondent asserts, claims 22, 24, 25, 26 and 27 are untimely, and in any event petitioner has failed to exhaust them. Petitioner argues that he proceeded without counsel and this prevented him from formulating these claims for his initial petition. He also argues, without meaningful explanation, that the claims relate back to the initial petition. Petr.'s Opp'n, at 9. Petitioner has no constitutional right to counsel's assistance in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Therefore, the fact that he filed his initial petition without counsel's assistance has no bearing on whether his proposed claims relate back, except that this court must liberally construe his allegations. *See Brock v. Weston*, 31 F.3d 887, 890 (9th Cir. 1994) (emphasizing district courts' obligation liberally to construe petitioner for writs of habeas corpus).

Respondents' argument is unhelpful in determining whether petitioner's claims relate back. They itemize the claims from the original petition and petitioner's proposed claims, and conclude that the new claims "constitute a new ground of relief supported by facts that differ in both time and type from those the original pleadings set forth." Resp.'s Mot. to Dism., at 8. Respondents accurately quote the holding of *Felix*, 545 U.S. at 649, but offer no analytical support for the conclusion asserted.

The proper focus requires an examination of the relationship between the original claims and those now proposed with some explanation of whether they differ in time and type, and if so, how.

**A. Proposed Claim 22**

Petitioner seeks to amend with a claim that his no contest plea was involuntary because of trial counsel's ineffectiveness. In support of this claim, he alleges that counsel pressured him to enter a plea of guilty, and that counsel did not discuss potential trial strategies. This new claim includes no allegations about an arraignment or a lack thereof. In ground two of the original application, petitioner claims that trial counsel was ineffective in that he failed to ensure petitioner was arraigned and ignored petitioner's insistence on defending the charges at every

stage of the proceeding.  Both claims focus on the same time-frame, i.e., the initial stages of the prosecution.  They also rely on some of the same facts, i.e.,  petitioner's desire to proceed to trial.  But the new claim depends upon facts of a distinct type.  Petitioner now alleges that pressuring him to enter a plea of no contest and failing to defend at every stage constitutes acts or omissions which were not the result of reasonable strategic decisions, and were professionally unsound judgments.  *See Strickland v. Washington*, 466 U.S. 668, 690 (1984).

Even though both claims focus primarily on events during the initial stages of the prosecution, proposed claim 22 depends upon facts about counsel's conduct which bore on plaintiff's decision to waive a trial.  Nowhere in the original petition does petitioner claim that the plea itself was involuntary because of counsel's conduct.  Thus, the core facts and allegations of petitioner's proposed claim 22 are significantly different in kind from that of claim two of the original petition.  The court cannot find that claim 22 relates back to the original petition.

**B.  Proposed Claim 24**

In this claim, petitioner alleges that his 9-year sentence for possession of a controlled substance is excessive in relation to others convicted of the same offense.  Therefore, he claims, the sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment.  No claim in the initial petition challenges the sentence.  Therefore, there is no basis for finding a common core of operative facts, and claim 24 does not relate back to the initial petition.

**C.  Proposed Claim 25**

Petitioner asserts in claim 25 that he was arrested June 3, 1999, and was supposed to have been arraigned on June 7, 1999, but was not.  Therefore, he says, the state court had no jurisdiction to enter judgment against him.  As his first ground for relief in the initial petition, petitioner alleges that there was "no arraignment or entry of plea during arraignment," following his June 3, 1999, arrest when charges in various charging documents were consolidated.  Thus, he argued, the judgment is invalid.  While the claims are not a model of clarity, petitioner specifies the same arrest date in each claim.  Only in the initial petition does he state the date

when he should have been arraigned, but the identity of arrest dates in the claims is sufficient to establish a temporal connection.  Furthermore, the alleged violation is the same now as it was then: he claims he was not arraigned, or at least not properly arraigned, thereby allegedly rendering the judgment void.  For these reasons, the court finds that the claims not only arise from a common core of operative facts, but for all intents and purposes are the same.  Thus, claim 25 relates back to the original petition.

### D.  Proposed Claim 26

Claim 26 faults petitioner's trial and appellate counsel for failing to raise the issues identified in petitioner's proposed claims 11 and 22-25.  Ground three of the initial petition alleges that appellate counsel failed to challenge the fact that he was not arraigned, which identifies the defect alleged in proposed claim 11.  Ground 16 of the original petition faults trial counsel for not investigating the existence of the prior convictions relied upon to lengthen petitioner's sentence.  Essential to proposed claim 26 are factual allegations to support an argument that his attorneys engaged in acts or omissions which were not the result of reasonable strategic decisions, and were professionally unsound judgments.  *See Strickland*, 466 U.S. at 690.  Nowhere in the initial petition does petitioner challenge counsels' effectiveness on the grounds he now alleges.

Therefore, the present allegations are different in time and type from those of the initial petition.  There is no common core of operative facts; and, therefore, this proposed claim does not relate back to the initial petition.

### E.  Proposed Claim 27

Finally, petitioner seeks to add the claim that cumulatively, all the errors alleged in his initial petition and in his proposed claims entitle him to relief.  This claim inherently includes all the claims and factual allegations from the initial petition.  However, its legal basis is distinct.  A claim of cumulative error challenges the outcome of the entire proceeding based on the fundamental unfairness resulting from all the other errors, regardless of whether any other claim

1  independently would be a sufficient basis for relief.  It is grounded in notions of due process and

2  a fair trial.  *See Chambers v. Mississippi*, 410 U.S. 284, 298, 302-03 (1973).  Because this claim

3  has a distinct legal basis, it does not relate back to the original petition.  Moreover, it is

4  necessarily predicated, in part, on the claims noted above that do not relate back.  For these

5  reasons, Rule 15 does not save it from being time-barred.

6          **F.  Failure to Exhaust Available State Remedies - Claim 25**

7          Respondents assert that petitioner failed to exhaust available state remedies with respect

8  to proposed claim 25.  As stated above, this claim asserts that petitioner was arrested June 3,

9  1999, but was not arraigned.  He claims that as a result, the state court had no jurisdiction to

10  enter judgment against him.  The court need not review the law of exhaustion.  The court has

11  found that petitioner raised this claim in his initial petition, and a district judge of this court has

12  found that petitioner exhausted available state remedies with respect to this claim.  Thus, the

13  matter is decided.

14  **IV.    CONCLUSION**

15          For the reasons stated above, it is hereby RECOMMENDED that petitioner's motion to

16  file a second amended petition be granted in part, and denied in part, as follows:

17          1.  The motion be granted with respect to proposed claim 22, and that petitioner be

18  permitted to amend his petition with this claim;

19          2.  The motion be denied with respect to proposed claims24 through 27; and

20          3.  Petitioner be given 30 days to file a third amended petition containing the claims in

21  his October 9, 2003, amended petition and proposed claim 22.

22          These findings and recommendations are submitted to the United States District Judge

23  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

24  after being served with these findings and recommendations, any party may file written

25  objections with the court and serve a copy on all parties.  Such a document should be captioned

26  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3  Dated:  December 5, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE